```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   WESTERN DISTRICT OF ARKANSAS
                        FORT SMITH DIVISION

DEMETRIUS L. BAILEY                                        PLAINTIFF

v.                        Case No. 05-2167

LINDA S. MCMAHON[1]
Commissioner of Social Security Administration,           DEFENDANT
```

## MEMORANDUM OPINION

Plaintiff Demetrius Bailey ("Plaintiff") seeks judicial review of the Commissioner's denial of her request for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended. Plaintiff has exhausted her administrative remedies, and pursuant to Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[2]

### I.  Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be repeated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and such will

---

[1] Linda S. McMahon became the Social Security Commissioner on January 20, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon has been substituted for acting Commissioner Jo Anne B. Barnhart as defendant in this suit.

[2] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

## II.  Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999).  Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion.  *See Warburton*, 188 F.3d at 1050.  In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it.  *See id.*  The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result.  *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999).  This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful

activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975).  The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled.  If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant.  *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2

(8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff alleges three points of error by the ALJ. First, the ALJ inappropriately determined Plaintiff's credibility. Second, the ALJ inaccurately determined her RFC. Third, the ALJ erred in finding Plaintiff could perform other jobs in the national economy.

To determine a Plaintiff's credibility for subjective complaints, the ALJ must consider the Plaintiff's daily activities, duration frequency, and intensity of pain or other symptoms, precipitating and aggravating factors, dosage, effectiveness and side effects of any medications, and functional restrictions. *Polaski v. Heckler*, 729 F.2d 1320, 1320-22 (8th Cir. 1984). In this case, the ALJ properly discounted Plaintiff's complaints and set forth his conclusions with specific inconsistencies which are supported by the record. *See Ghant v. Bowen*, 930 F.2d 633, 637 (8th Cir. 1991), (Tr. 16-21).

The ALJ noted that the medical evidence does not support Plaintiff's reported numbness of feet, disabling pain in her leg, chest pain, shortness of breath and fatigue. Despite leaving the record open for 30 days to allow Plaintiff to submit additional medical evidence, the record still reflects that Plaintiff failed to report the symptoms she now claims are disabling to her

-4-

physicians.  Plaintiff also missed appointments and failed to follow prescribed courses of treatment.  Plaintiff also was on a very low dose of medication.  Additionally, Plaintiff reported to Dr. Adjei that her symptoms were controlled with medication and that she was able to take care of her children and household without any limitations.  The ALJ noted this disclosure to Dr. Adjei caused Plaintiff to be inconsistent with her report of daily activities, self-reporting a much more limited abilities than the doctor's notes reflect.  Moreover, there were additional inconsistencies of record, such as Plaintiff's self-reported non-smoking status which is inconsistent with reports from her doctor that she continued to smoke.  The ALJ also considered that Plaintiff quit work on doctor's orders due to her pregnancy, rather than as a result of a disabling impairment.  Thus, the ALJ's decision to discount her credibility is supported by the record as a whole.  *See Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992) ("We will not disturb the decision of an ALJ who seriously considers, but for good reasons explicitly discredits, a claimant's testimony of disabling pain.")

    Plaintiff's second point is that the ALJ inaccurately determined her RFC.  The ALJ determined the Plaintiff could perform sedentary work.  Plaintiff argues the ALJ erred because he failed to seek an opinion from Plaintiff's treating physician regarding her restrictions or limitations or her tolerance for full-time

work. However, the ALJ did seek this information from Defendant at the hearing and allowed the record to be left open for any additional records. *See Wingert*, 894 F.2d at 298 (ALJ adequately developed record regarding claimant's issue on appeal when ALJ "conscientiously elicited the facts" and asked if claimant wanted to add any other information addressing issue). Moreover, Plaintiff failed to demonstrate how any of the alleged deficiencies in the record prejudiced her. *See Highfill,* 832 F.2d at 115 (claimant must show prejudice or unfairness resulting from an incomplete record). The ALJ took into account that Plaintiff may have met the requirements of the listing at some point, but did not meet it at the time of the hearing. Thus, the ALJ's opinion is supported by the substantial evidence in the record as a whole.

    Finally, Plaintiff contends the ALJ erred in finding she could perform other jobs in the national economy. Specifically, Plaintiff contends the ALJ failed to consider the Plaintiff's need to work less than full-timke due to unusual fatigue and did not present this limitation to the Vocational Expert in his hypothetical. Plaintiff argues that if this limitation had been included, competitive employment would have been precluded. A review of the record shows that Plaintiff's complaints of unusual fatigue are not supported by the medical evidence. As noted above, the ALJ properly discounted her subjective complaints. Accordingly, the hypothetical posed to the Vocational Expert

included all the relevant and credible limitations and the ALJ's determination that Plaintiff could perform other jobs in the national economy is supported by the record as a whole.

### III. CONCLUSION

    Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case.  Accordingly, it is hereby ORDERED that the decision of the ALJ is **AFFIRMED.**

DATE:      February 8, 2007        /s/ Robert T. Dawson
                                                    Robert T. Dawson
                                                   United States District Court Judge